No. 39,561

KELSEY P. CLARK, *Appellant,* v. THE BUTLER RURAL ELECTRIFICATION ASSOCIATION, INC., *Appellee.*

(279 P. 2d 240)

Opinion filed January 22, 1955.

*Milo M. Unruh,* of Wichita, argued the cause, and *Richard F. Mullins* and *H. R. Kuhn,* both of Wichita, were with him on the briefs for the appellant.

*Ervin E. Grant,* of El Dorado, argued the cause, and *E. W. Grant, of* El Dorado, and *H. W. Goodwin* and *Guy L. Goodwin,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order and judgment sustaining a demurrer to a petition.

The plaintiff, Kelsey P. Clark, commenced this action, in the nature of ejectment and to recover damages for loss of rents and profits, against the Butler Rural Electrification Association, Inc., in the district court of Sedgwick County on October 28, 1953, by the filing of a petition. Highly summarized, but nevertheless set forth in the light most favorable to plaintiff's position, the facts relied on in that pleading as establishing his cause of action can be stated in the following manner:

On December 1, 1945, Georgia A. Clark, the plaintiff's mother, who was the owner in fee of certain real estate in Sedgwick County on that date, executed a perpetual easement to the defendant giving it the right to erect and maintain electrical transmission lines across the north side of such property. This easement was not recorded at that time and had not been recorded up to the date of the filing of the petition.

On October 31, 1947, Mrs. Clark, for a valuable consideration, conveyed the land in question to her son Kelsey, the plaintiff, reserving a full and complete life estate. At the time of this conveyance plaintiff had no notice of the easement.

In the latter part of 1948 or the early part of 1949 the defendant erected electric transmission lines, poles and guy wires on such land and has maintained those lines continuously from the date of their construction until the commencement of the present action, a period of approximately four years.

Georgia A. Clark died on January 6, 1953. Thereafter the plaintiff who had come into the possession of the real estate demanded that the defendant remove its electric transmission lines, poles and guy wires from such land. Upon refusal this action was brought in the nature of ejectment and for damages for loss of rents and profits since the date of the death of the life tenant.

Following the filing of the foregoing petition defendant demurred thereto on the ground it failed to state a cause of action. Thereafter, such demurrer was sustained by the trial court on the basis such pleading showed upon its face that the cause of action therein relied on was barred by the statute of limitations.

From what has been heretofore stated the sole issue on this appeal becomes obvious. Turning to that issue it can be stated that on all dates involved in the petition G. S. 1949, 17-4627,

enacted by the Legislature of this state in 1941, was in full force and effect. It reads:

"No action or suit may be brought against a cooperative doing business in this state pursuant to this act, or against any agent, servant or employee thereof, by reason of the maintenance of electric transmission or distribution lines on any real property after the expiration of a period of two years of continuous maintenance of such lines without the consent of the person or persons legally entitled to object to such maintenance."

The foregoing statute, it is to be noted, was enacted at a time when it must be assumed the Legislature was fully aware of, and took into consideration, another statute of ancient vintage which has been the law of this state since 1868. That statute is G. S. 1949, 67-523, which reads:

"A person seized of an estate in remainder or reversion may maintain an action for waste or trespass for injury to the inheritance, notwithstanding an intervening estate for life or years."

At this point we pause to point out and emphasize that under the clear and unequivocal provisions of the statute last above quoted appellant had the right as remainderman to prosecute and maintain an action against the appellee for waste or trespass for injury to his remainder estate. Indeed this court has held (*Kimberlin v. Hicks,* 150 Kan. 449, 456, 94 P. 2d 335) that the remedies available to the owner of an indefeasibly vested reversion or remainder in fee against the possessory life tenant for waste include compensatory damages for the injuries sustained and even injunctive relief. The same reasoning compels a conclusion he has like remedies for injuries resulting to his remainder in fee by reason of trespass on the part of the possessory life tenant or others who are in possession by, through or under him.

Appellant makes no serious effort to avoid the force and effect of the rule just stated. In fact, upon careful analysis of all contentions advanced in his brief and on oral argument, it can be stated the gist of his entire position is that the all decisive statute (G. S. 1949, 17-4627) must be construed as beginning to run against him only at such time as his estate became possessory, namely; on January 6, 1953, the date of the death of the life tenant. We are cited to and know of no authorities warranting the sustaining of his position under our statute and the confronting facts and circumstances.

Under the provisions of G. S. 1949, 17-4627, the Legislature, as it had a right to do, saw fit, under terms so clear and unequivocal as to preclude any other interpretation, to declare that no one legally en-

titled to object thereto could bring an action against an electric cooperative, such as the appellee, for injuries sustained by reason of the maintenance of electric transmission or distribution lines on his real property without his consent after the expiration of a period of two years' continuous maintenance of such lines. Here, as has been pointed out, the allegations of the petition reveal appellant's interest in the involved real estate was such that he was legally entitled to object to the maintenance of appellee's transmission lines over the property in question. Other allegations of that pleading clearly disclose that such transmission lines were maintained by appellee over that property without appellant's consent for considerably more than three years prior to the date on which he commenced the instant action. Under such conditions the inescapable result is that the time fixed by the Legislature within which appellant could bring such action had expired before it was commenced by the filing of his petition. It follows the trial court did not err in sustaining a demurrer to such pleading on the basis it showed upon its face that his cause of action was barred by the statute of limitations and hence failed to state a cause of action.

The judgment is affirmed.

ROBB, J., not participating.